## AMERICAN FACTORS, Limited v. KANNE.

Civ. No. 419.

United States District Court,
D. Honolulu, Hawaii,
First Division.

Oct. 23, 1951.

See also, D.C., 76 F.Supp. 133.

Smith, Wild, Beebe & Cades, Honolulu, T. H., for plaintiff.

Howard K. Hoddick, Acting U. S. Atty., Winston C. Ingman, Asst. U. S. Atty., Honolulu, T. H., Leland T. Atherton, Sp. Asst. to Atty. Gen., for defendant.

METZGER, Chief Judge.

Upon the record, testimony and evidence adduced in this case on the issue of the claimed deduction of $396,812.50 of Hackfeld litigation expense, the Court makes the following findings of fact in addition and supplemental to findings of fact numbered 1 to XIII heretofore filed in the above entitled Court on the 15th day of June, 1949:

At the beginning of the Hackfeld litigation there existed an agreement between 22 individual and corporation shareholders of American Factors, Ltd. to pay on a prorate shareholding basis the costs and expenses of defending themselves (each being named and charged and defamed as defendants in the suit) and the corporation which they had been instrumental in establishing. The plaintiff herein was not a party to this agreement, although its president, in his personal capacity as a stockholder, was.

A committee, which was called the "steering committee" consisting of four members, was formed by the parties to the agreement to engage counsel as deemed necessary, and generally to aid in the conduct of the defense. The President of American Factors, Ltd. was a member of this committee.

As the litigation developed, American Factors, Ltd. upon instructions of its President, acted as banker for the steering committee of its 22 co-defendants in the Hackfeld litigation, and put up the cash to pay the bills received upon approval by the committee. After a considerable amount was paid out, Taxpayer assessed the amount to each member of the group of 22 co-defendants on a per-share basis, which amount was then reimbursed by them in to the Taxpayer. The total amount so assessed and repaid to the Taxpayer totalled $396,812.50.

The question as to whether these 22 defendants standing alone or American Factors, Ltd. would ultimately pay the expense of litigation had not been previously discussed or determined by any agreement other than the agreement of June 28, 1924, among the 22 co-defendants that they would pay.

The payments of litigation expenses over the several years, totalling $568,607.76, were entered on the books of American Factors, Ltd. in a memorandum account entitled "Hackfeld Litigation Expenses" showing collections from the 22 other defendants, until after the conclusion of that litigation in 1932, when it charged off in that year the entire amount thereof to surplus accounts and took the same as a deduction in computing its taxable net income for that year.

In that year, after the conclusion of the Hackfeld litigation, American Factors, Ltd. paid to its co-defendants $396,812.50, representing the total of the amounts so received by it from them during the progress of the litigation. Refunding of the $396,-812.50 was authorized by resolution adopted by the board of directors of the Taxpayer at a meeting thereof held on March 4, 1932. The resolution was adopted following a written report of the President of the Taxpayer to the stockholders and his recommendation that the expense be repaid to said co-defendants who had been attacked and maligned because they had assisted and became the dominant shareholders in the formation of American Factors, Ltd. His recommendation was supported as to its legality by an opinion of counsel that the company could lawfully pay all the litigation expense and had a moral duty to do so.

## Conclusions of Law.

Upon the foregoing facts, the findings of fact heretofore filed on June 15, 1949, the testimony and evidence adduced in this case on the issue of the claimed deduction of $396,812.50 of Hackfeld litigation expense, and other issues set forth below, the Court concludes as a matter of law as laid down in this case by the Ninth Circuit Court of Appeals, 190 F.2d 155, in its opinion filed June 13, 1951.

### I.

That the sum of $396,812.50 of the Hackfeld litigation expense, which plaintiff refunded or repaid in the year 1932 to the persons and corporations who were co-defendants with plaintiff in said litigation, were ordinary and necessary expenses of the Taxpayer paid out during the taxable year 1932 by plaintiff in carrying on its business within the terms of section 23(a) of the Revenue Act of 1932, 26 U.S.C.A. § 23(a), and plaintiff is entitled to a deduction therefore of that amount in computing its taxable net income for the year 1932. The Commissioner of Internal Revenue therefore erred in disallowing the deduction of $396,812.50 to plaintiff in computing its taxable net income for the calendar year 1932.

### II.

That plaintiff is entitled to a deduction of $484,805 of the Hackfeld litigation expenses as ordinary and necessary expenses paid or incurred during the taxable year 1932 in carrying on its business within the terms of Section 23(a) of the Revenue Act of 1932 and, accordingly, is entitled to a deduction of that amount in computing its taxable net income for the cal-

endar year 1932. The Commissioner of Internal Revenue erred in not treating the said sum of $484,805 as ordinary and necessary expenses incurred during the taxable year 1932 in carrying on plaintiff's business and erred in disallowing plaintiff a deduction for that amount of the Hackfeld litigation expenses in computing its taxable net income for the calendar year 1932.

### III.

The amounts of the Hackfeld litigation expenses aggregating $83,802.76, which plaintiff paid prior to the year 1932, were ordinary and necessary expenses, but were not paid or incurred during the taxable year 1932 by plaintiff in carrying on its business within the terms of Section 23(a) of the Revenue Act of 1932, and plaintiff is not entitled to a deduction therefor of that amount in computing its taxable net income for the calendar year 1932. The Commissioner of Internal Revenue did not err in disallowing the deduction of $83,802.76 to plaintiff in computing its taxable net income for the calendar year 1932.

### IV.

■ Plaintiff is not entitled to a deduction of $50,000, on account of the payment made by it to the Henry Waterhouse Trust Company in 1931, as a bad debt ascertained to be worthless and charged off within the taxable year 1932 within the terms of Section 23(j) of the Revenue Act of 1932, or as a loss sustained during that taxable year not compensated for by insurance or otherwise within the terms of Section 23(f) of the Revenue Act of 1932 and, accordingly, no part of said amount was properly allowable as a deduction in computing plaintiff's taxable net income for the calendar year 1932. The Commissioner of Internal Revenue did not err in disallowing plaintiff a deduction therefor as a bad debt in computing plaintiff's taxable net income for the calendar year 1932.

### V.

■ Plaintiff is entitled to a deduction of the sum of $4,063.33 on account of payments for the benefit of dependents of deceased employees. Said payments were ordinary and necessary expenses paid or incurred in carrying on plaintiff's business during the taxable year 1932 within the terms of Section 23(a) of the Revenue Act of 1932, and did constitute a proper deduction in computing its taxable net income for that taxable year. The Commissioner of Internal Revenue erred in disallowing these payments as a deduction in computing the plaintiff's net income for the calendar year 1932.

Entry of judgment in conformity with the foregoing findings of fact and conclusions of law in conformity with the opinion of the United States Court of Appeals for the Ninth Circuit filed June 13, 1951, is hereby directed.